**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30416 |
| Plaintiff - Appellee, | D.C. No. 3:06-CR-00067-EJL-1 |
| v. | |
| CAMERON SCOTT GRIFFIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted January 12, 2010
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

Defendant-Appellant Cameron Scott Griffin ("Griffin") appeals a conviction

for one count of conspiracy to possess methamphetamine with intent to distribute

in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as four counts of

distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

parties are familiar with the facts of the case so we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

First, we conclude that the district court did not err when it denied Griffin's motion to suppress evidence seized from an apartment above his sporting goods store. The warrant described the place to be searched with sufficient particularity because it "enable[d] law enforcement officers to locate and identify the premises with reasonable effort" without "any reasonable probability . . . that the officers [might have] mistakenly search[ed] another premise[s]." *United States v. Mann*, 389 F.3d 869, 876 (9th Cir. 2004), *cert. denied*, 544 U.S. 955 (2005) (citation and internal quotation marks omitted).

We also conclude that the magistrate judge—after reviewing the affidavit's description of Griffin's use of the upstairs apartment immediately before he sold 82.5 grams of methamphetamine to a controlled informant—could easily make a "practical, common-sense decision [that], given all the circumstances set forth in the affidavit before him, there [was] a fair probability that contraband or evidence of a crime [would] be found" in the apartment. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause therefore supported the search.

Second, the district court correctly found that Detective Brian Denny did not "'knowingly and intentionally, or with reckless disregard for the truth'" make any

"erroneous statements or omissions in an affidavit supporting a search warrant" for Griffin's home. *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998) (quoting *Franks v. Delaware*, 438 U.S. 154, 155 (1978)).

The only erroneous statement in the affidavit is Detective Denny's representation that a controlled informant arranged to purchase eight ounces of methamphetamine from Griffin when in actuality he arranged to purchase six ounces of methamphetamine. This statement was not made with reckless disregard for the truth because Drug Enforcement Administration ("DEA") Agent Rick Taylor had informed Detective Denny that the arrangement was for eight ounces of methamphetamine. In addition, this error is immaterial. *See Franks*, 438 U.S. at 156 (court's second question is whether "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause").

Third, ample evidence supports the jury's rejection of Griffin's public authority and entrapment by estoppel defenses. *See United States v. Burrows*, 36 F.3d 875, 882–83 (9th Cir. 1994) (public authority defense requires a defendant to possess a *reasonable* belief that he was authorized to commit illegal acts and the entrapment by estoppel defense requires a defendant to act in *reasonable* reliance on an official representation as to the legality of his actions).

Any rational trier of fact could have found Griffin's reliance on official statements—or belief in official authorization—unreasonable when presented with evidence that (1) Griffin signed a written confidential source agreement that expired in February 2004, well before the 2006 deals for which he was charged, (2) Griffin was used as a confidential informant for purchases of drugs, but was never used as a confidential informant to make sales, (3) immediately prior to the expiration of the agreement, DEA agents told Griffin he was no longer going to be used as a confidential informant, (4) during Griffin's tenure as a confidential informant he was strictly searched and controlled during his controlled *buys* but was never searched or controlled during his later *sales* for which he was charged, (5) Griffin was repeatedly told he was no longer a confidential source and to avoid drug traffickers, (6) there was a nine month period during which there was no contact between Griffin and the DEA, and (7) when Griffin called DEA Agent Jacob Gilliam on the day of the deal during which he was arrested, Agent Gilliam told him "not to do any kind of drug negotiating."

Fourth, the district court did not err by using a model jury instruction on the public authority defense. Griffin's proposed addition—that a belief in an official authorization may be reasonable "even if based on mistake"—has previously been

rejected by this court. *See United States v. Davis*, 76 F.3d 311, 314 (9th Cir. 1996).

Finally, contrary to his argument on appeal, Griffin acknowledged receiving pretrial a redacted DEA manual in a filing with the district court.

**AFFIRMED.**